IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-04-CR-0172-D |
| | § | NO. 3-08-CV-1609-D |
| DANIEL ANTHONY FISHER | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Daniel Anthony Fisher, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed on limitations grounds.

### I.

A jury convicted defendant on multiple counts of aiding and assisting in the preparation of false tax returns, perjury, and making a false statement in connection with a loan application. Punishment was assessed at a total of 235 months confinement, followed by supervised release for a period of five years, and a $1 million fine. His conviction was affirmed on direct appeal. *United States v. Fisher*, 236 Fed.Appx. 54, 2007 WL 1626063 (5th Cir. Jun. 6, 2007). Defendant then filed this motion under 28 U.S.C. § 2255.

### II.

In his 31-page motion and brief, defendant contends that: (1) the grand jury and district court lacked jurisdiction to hear this case; (2) his conviction was the result of prosecutorial misconduct; and (3) he received ineffective assistance of counsel at trial and on appeal.

By order dated September 19, 2008, the court *sua sponte* questioned whether this case was subject to dismissal on limitations grounds. Defendant addressed the limitations issue in a reply filed on October 6, 2008. The court now determines that this case is time-barred and should be summarily dismissed.

A.

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. 2255(f). The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment of conviction becomes final;
>
> (B)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (C)  the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Defendant was sentenced to a total of 235 months in prison for tax fraud, perjury, and making false statements on a loan application. The court of appeals affirmed the judgment of conviction on

June 6, 2007, and defendant did not file a petition for writ of certiorari in the United States Supreme

Court. Therefore, the judgment became final for limitations purposes on September 4, 2007, when

the deadline for seeking certiorari review expired. *See United States v. Plascencia*, 537 F.3d 385,

388 (5th Cir. 2008), *citing Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079, 155

L.Ed.2d 88 (2003) ("[I]f a federal defendant appeals his conviction to the court of appeals and then

does not seek certiorari, the conviction becomes final when the 90-day period expires during which

the defendant could have filed a petition for certiorari."). However, defendant did not deliver his

section 2255 motion to prison authorities for mailing until September 8, 2008[1]--four days past the

limitations deadline.

In an attempt to excuse this delay, defendant states that he was unable to mail his motion

between Friday, September 5, 2008, and Monday, September 8, 2008, because the mail room was

closed and all outside mail receptacles had been removed by prison officials without notice to the

inmates. (*See* Pet. Reply at 1, ¶¶ 1-2). Even if the court accepts this explanation, defendant's motion

is still untimely. The deadline for defendant to have delivered his section 2255 motion to prison

authorities for mailing was September 4, 2008--the one-year anniversary of the date his judgment

of conviction became final. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003)

("[W]hen a statute of limitations is measured in years, the last day for instituting the action is the

anniversary date of the relevant act."). The anniversary date is the "last day to file" even when, as

in this case, the intervening period includes an extra leap year day. *Id.*, *citing United States v.*

---

[1] In *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), the Fifth Circuit held that a motion for post-conviction relief is deemed filed when the prisoner delivers it to prison officials for mailing to the federal district clerk. Such a rule is consistent with the traditional disposition of leniency towards *pro se* litigants. *Id.* It also avoids time-consuming examinations of the circumstances behind any delay in the delivery of prisoner mail and ensures that prisoners will not be unduly prejudiced in their attempts to exercise their rights under the law. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995), *citing Houston v. Lack*, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2384-85, 101 L.Ed.2d 245 (1988).

*Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 121 S.Ct. 188 (2000). Defendant does not allege, much less prove, that he was prevented from mailing his motion on or prior to September 4, 2008. Because the AEDPA statute of limitations had already expired when defendant alleges that prison authorities closed the mail room and removed the outside mail boxes, he is not entitled to equitable tolling.

Defendant further argues that the limitations clock did not begin to run until November or December 2007--the date he received various affidavits relating to his ineffective assistance of counsel claim. A similar argument was rejected by the Fifth Circuit in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998). In that case, Flanagan maintained that the limitations period on his due process claim did not commence until he received an affidavit from trial counsel supporting that claim. The court wrote:

> Flanagan is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim. Trial counsel's affidavit neither changes the character of Flanagan's pleaded due process claim nor provides any new ground for Flanagan's federal habeas petition. Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.

*Flanagan*, 154 F.3d at 199. *See also Segroves v. Quarterman*, No. 3-06-CV-1344-K, 2007 WL 603395 at *2 (N.D. Tex. Feb. 26, 2007); *Pruett v. Cockrell*, No. 4-99-CV-781-Y, 2001 WL 1516735 at *9 (N.D. Tex. Nov. 21, 2001), *COA denied*, No. 01-11575 (5th Cir. Apr. 16, 2002). As in *Flanagan*, there is no basis for tolling the statute of limitations while defendant gathered affidavits supporting his ineffective assistance of counsel claim. Nor does defendant offer any explanation why he could not have obtained those affidavits earlier.

Next, defendant contends that the one-year limitations period did not commence until the district court ruled on his motion for new trial.[2] Although this precise issue has not been addressed by the Fifth Circuit, other circuit courts have uniformly held that the operative date for limitations purposes is the date on which the judgment of conviction becomes final on direct appeal or certiorari review--not the date post-trial motions are decided. *See, e.g. Barnes v. United States*, 437 F.3d 1074, 1079 (11th Cir. 2006); *Trenkler v. United States*, 268 F.3d 16, 22-23 (1st Cir. 2001); *Johnson v. United States*, 246 F.3d 655, 659-60 (6th Cir. 2001); *United States v. Prescott*, 221 F.3d 686, 689 (4th Cir. 2000).

Finally, defendant argues that the AEDPA does not apply because the district court lacked jurisdiction to hear the case. However, a defendant cannot "evade the effect of the statute of limitations by the simple expedient of arguing that his conviction is void." *Randall v. Director, TDCJ-CID*, No. 2-07-CV-204, 2008 WL 2128231 at *2 (E.D. Tex. May 16, 2008). *See also Nortonsen v. Reid*, 133 Fed. Appx. 509, 510-11, 2005 WL 1253964 at *1-2 (10th Cir. May 27, 2005), *cert. denied*, 126 S.Ct. 748 (2005) (petitioner cannot avoid dismissal on limitations grounds by arguing that his state sentence is void); *Madina v. Cain*, No. 05-2126, 2006 WL 2726506 at *3 (E.D. La. Sept. 20, 2006) (rejecting novel argument that AEDPA limitations period runs only on sentences which were validly imposed); *Willis v. Dretke*, No. 3-03-CV-1284-G, 2005 WL 39053 at *3 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 1058855 (N.D. Tex. May 5, 2005) (petitioner not entitled to equitable tolling of AEDPA statute of limitations based on argument that trial court lacked jurisdiction).

---

[2] The docket reflects that defendant filed a motion for new trial on December 11, 2007. The motion was denied on March 20, 2008.

## RECOMMENDATION

It plainly appears from the face of the motion and the record of prior proceedings that this case is barred by limitations. Accordingly, defendant's motion to correct, vacate, or set aside his sentence should be summarily dismissed. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   October 15, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE